IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC. | § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 6:05-CV-155 |
| MI, LLC., | § § | PATENT CASE |
| Defendant | § § | |

**MEMORANDUM OPINION AND ORDER**

After careful review and consideration of the papers filed by the parties and the circumstances surrounding the award of costs and attorneys' fees, the Court **ORDERS** Defendant M-I LLC ("M-I") to pay Plaintiff Halliburton Energy Services, Inc. ("Halliburton") $49,437 in costs and attorneys' fees.

**BACKGROUND**

On December 21, 2005, Halliburton filed a Motion to Compel (Docket No. 33) asking the Court to compel M-I to produce certain documents and things due under the patent rules and initial disclosure requirements. M-I opposed the motion and claimed that Halliburton waived its indirect infringement claims through the testimony of its officer Art Huffman and that documents Halliburton requested were confidential and not subject to disclosure based on comments made by Halliburton's in house litigation counsel, Sherry Williams. On December 22, 2005, M-I noticed the deposition of Sherry Williams, related to the issue of confidentiality and her alleged comments. In response to the notice of deposition, Halliburton filed an Emergency Motion for Protective Order and to Quash the Deposition Notice of Sherry Williams (Docket No. 36). On January 25, 2006, the Court held a telephonic hearing on the motion to compel, the motion for protective order, and the

motion to quash. On January 27, 2006, the Court ordered M-I to produce certain documents and things requested by Halliburton and to pay all reasonable expenses incurred by Halliburton in drafting and arguing its motion to compel, including attorneys' fees. On February 3, 2006, Halliburton filed the Declaration of David L. Patterson requesting that the Court award $53,611.25 in expenses and attorneys' fees to Halliburton. On February 23, 2006, M-I filed Objections to Halliburton Energy Services' Declaration and Summary of Attorneys' Fees (Docket No. 79) arguing that Halliburton's request for attorneys' fees is unreasonable and unjustified.

## APPLICABLE LAW

Courts determine an award of attorneys' fees by first calculating the "lodestar." *League of United Latin Am. Citizens #4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (Fed. Cir. 1997). "The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate." *Id*. When determining the hours reasonably expended on the litigation, a court must determine "whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended." *Id*. A court should also consider whether certain tasks were duplicative or unrelated to the lawsuit. *See Assoc. Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). After calculating the hours reasonably expended on litigation, a court must determine a reasonable hourly rate "based on the 'prevailing market rates in the relevant community.'" *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The burden is on the fee applicant to prove that both the number of hours claimed and the hourly rate are reasonable. *Riley v. City of Jackson, Miss*., 99 F.3d 757, 760 (5th Cir. 1996). When calculating the lodestar, a court should consider the factors articulated in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-719 (5th Cir. 1974). *Id*. The *Johnson* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id*. at n.2.  After considering the *Johnson* factors, a court may adjust the lodestar upward or downward depending on the circumstances of the case. *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999).

## ANALYSIS

M-I's main objection to Halliburton's request is that the number of hours Halliburton claims to have expended on the motion to compel are unreasonable and include time entries for duplicative work.  Halliburton argues that it provided sufficient evidence to support the hours expended on the motion to compel and that the number is reasonable.

**Hours Expended**

In support of its request for costs and attorneys' fees, Halliburton filed time sheets providing the hours worked on the motion to compel as an attachment to the Supplemental Declaration of David L. Patterson.  The time sheets submitted by Halliburton detail the attorney that performed the work, the date the work was performed, the number of hours spent on a particular task, and a brief but adequate description of the services rendered.  *See League of United Latin Am. Citizens*, 119 F.3d at 1233 (explaining what constitutes sufficient documentation of hours expended).  Although the vast majority of the hours submitted by Halliburton are reasonable under the circumstances, some of the hours are either excessive or duplicative and should not be included in calculating the number of reasonable hours expended.

For example, the time sheets filed by Halliburton indicate that Neal Massand spent 9.5 hours analyzing cases regarding the binding nature of admissions by corporate officers, which relates to the testimony of Art Huffman. Similarly, the time sheets indicate that Brad Seidel, spent 20.4 hours working on the same or similar tasks. These 29.9 hours of time resulted in a page and a half section on the subject of Art Huffman in Halliburton's reply to M-I's response. Although, the Court understands that the issue was significant and required adequate attention, some of the work done by Massand and Seidel was likely duplicative.[1] Accordingly, Neal Massand's time researching the issue will not be included in the calculating the reasonable hours expended by Halliburton.

Furthermore, the time sheets indicate that Neal Massand spent .7 hours preparing the declaration of Art Huffman, while David Patterson also spent 1.5 hours preparing and working on the same declaration. The declaration of Art Huffman is a one and one-fourth page, double spaced document attached to Halliburton's response brief as Exhibit C. The fact that both Neal Massand and David Patterson spent time preparing the document indicates that their work was likely duplicative. Accordingly, the time for the preparation of the document will be reduced to .5 hours for both Neal Massand and David Patterson.[2]

Additionally, the time sheets indicate that Monte Bond spent a total of 5.5 hours preparing for the hearing on the motion to compel. Although it is reasonable that Mr. Bond would want to be

---

[1] The entries for Brad Seidel at issue on this topic are those for the dates of 1/11/06, 1/12/06, 1/13/06, 1/16/06, and 1/17/06. These entries indicate that the 20.4 hours recorded by Brad Seidel are not solely designated to research on the issue of Art Huffman but also include other tasks related to the motion. However, the Court is unable to decipher what portion of the hours recorded for each entry were dedicated to research on the Art Huffman issue or to other activities. It is reasonable to assume that 20.4 hours was adequate time for an attorney with Brad Seidel's level of experience to research and brief the issues related to Art Huffman as well as address the other issues mentioned in the entries. Therefore, the research of Neal Massand on the issues related to Art Huffman appears to be duplicative.

[2] The declaration of Art Huffman could have reasonably been drafted in one hour. Therefore, the Court reduces the hours expended drafting the declaration from 2.2 hours to 1 hour. The Court assigns .5 of this hour to Neal Massand and .5 to David Patterson because both attorneys are experienced such that either could have drafted the declaration in 1 hour.

4

familiar with the issues to be discussed at the hearing, 5.5 hours seems excessive considering his participation at the hearing. Accordingly, the Court reduces Mr. Bond's time by 3 hours, leaving a total of 2.5 hours for his time to prepare for the hearing.

M-I complains that two attorneys, Neal Massand and Joseph Gregory, spent more than thirty-seven hours reviewing documents found on two CDs attached to M-I's opposition to the motion to compel. M-I claims that this amount of time is unreasonable because these documents were previously produced to Halliburton no later than November 4, 2005. M-I contends that these documents should have already been reviewed by Halliburton as part of its general trial preparation and should not be counted towards the time spent on the motion to compel. Halliburton does not dispute that the documents attached to M-I's opposition brief were already in its possession. However, Halliburton contends it had to re-review these documents to determine the veracity of M-I's claim that the documents on the CDs contained the documents Halliburton requested. It was reasonable for Halliburton to re-review these documents under such circumstances. M-I cannot attach over 20,000 documents to its opposition brief, even with a chart linking the documents to the categories addressed in Halliburton's motion, claim that the documents Halliburton is requesting are within those documents, and then complain that it was not reasonable for Halliburton to spend thirty-seven hours reviewing those documents to make sure it had not missed the documents the first time it reviewed them. The thirty-seven hours Halliburton spent reviewing these documents is not unreasonable and should be included as part of its reasonable hours expended.

The amount of time required to litigate complex patent cases is significant. The nature of patent litigation is such that multiple law firms are often involved in the representation of one party. Simply keeping all attorneys apprised of the issues and motions at the center of such a case generates an immense, yet objectively reasonable, number of billable hours. Cases such as this one

also produce an excessive number of documents that often require significant attention and time to review.  The issues presented in the motion to compel were obviously very important to Halliburton.  Additionally the issues raised by M-I in its opposition to the motion to compel were extremely significant to the overall viability of Halliburton's case.  Understandably, Halliburton spent significant time attempting to secure the documents it believed M-I was withholding and addressing the issues raised by M-I in its opposition brief.  Accordingly, aside from the few examples mentioned above, the time expended by Halliburton on the motion to compel was reasonable.

**The Hourly Rate**

M-I does not specifically object to the hourly rates used by Halliburton in calculating its award of attorneys' fees.  The hourly rates used to calculate the award are reasonable considering the relevant communities, reputations of the firms involved, each attorney's experience, and the type of litigation at issue.  Accordingly, the hourly rates provided by Halliburton are reasonable and not altered by the Court.

**Calculation of Award**

The following chart represents the sum of the total of the adjusted time expended by each attorney multiplied by the hourly rate of that attorney:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Monte Bond | $410.00 | 7.4 | $3,034.00 |
| David L. Patterson | $325.00 | 55.4 | $18,005.00 |
| Neal Massand | $270.00 | 42.9 | $11,583.00 |
| Joseph Gregory | $245.00 | 10.3 | $2,523.50 |
| Theresa Wight | $145.00 | 6.15 | $891.75 |
| Michael E. Jones | $400.00 | 11.5 | $4,600.00 |
| Brad E. Seidel | $300.00 | 27.8 | $8,340.00 |

| Jo Vallery | $100.00 | .6 | $60.00 |
| Susan Davis | $100.00 | 4 | $400.00 |
| **Total** | | 166.05 | $49,437.25 |

The total number of the hours expended multiplied by the hourly rates of each attorney produces a lodestar of $49,437.25.

**The *Johnson* Factors**

After addressing the reasonableness of the hours expended, the reasonableness of the hourly rates used to calculate the award, and calculating the lodestar, the Court considers the factors articulated in *Johnson* to determine if the lodestar should be adjusted upward or downward.

*Time and labor required*

The time and labor Halliburton expended on the motion to compel was significant. However, this is not surprising considering the importance of the documents Halliburton sought and the amount of time Halliburton spent addressing M-I's opposition brief. Halliburton spent most of its time preparing its reply to M-I's response. Specifically, Halliburton spent a large amount of time, addressing M-I's claim that the documents Halliburton requested were not relevant because Halliburton waived its claims of indirect infringement through the testimony of Art Huffman, as well as the claim that the documents were confidential and not subject to disclosure based on comments made by Halliburton's in-house counsel. Furthermore, Halliburton spent significant time re-reviewing documents that M-I claimed contained the documents Halliburton requested.

*The novelty and difficulty of the question*

The novelty and difficulty of the questions at issue in the motion to compel were not initially exceedingly difficult. However, the issues raised in M-I's response brief increased the novelty and difficulty of the questions at issue. Furthermore, in a patent case, the difficulty of discovery motions

is often greater than in other cases as a result of the sheer volume and complex nature of the documents involved in the cases as well as the often complex subject matter of the patents-in-suit.

*The skill required to perform the legal service properly*

Halliburton used attorneys of an appropriate experience and skill level to perform the legal services properly.

*The preclusion of other employment by the attorney due to acceptance of the case*

Inevitably, the attorneys involved in this motion to compel were precluded from other employment in which they would have billed similar hours at a similar rate.

*The customary fee*

The hourly fees charged by Halliburton's attorneys were in line with other attorneys in the area of intellectual property litigation for the relevant markets of Dallas and Tyler, Texas.

*Whether the fee is fixed or contingent*

The rate fee for the attorneys involved in this case is fixed.  However, this factor does not have a significant bearing on the lodestar calculation.

*Time limitations imposed by the client or the circumstances*

The circumstances did not impose an unusual time limitation on Halliburton for this type of case.

*The amount involved and the results obtained*

The amount of money at issue in this case is potentially very significant.  Furthermore, Halliburton's attorneys achieved a favorable result for their client in that the Court ordered M-I to produce the documents Halliburton claimed M-I was withholding.

*The experience, reputation, and ability of the attorneys*

The experience, reputation, and ability of Halliburton's attorneys is similar to that of other attorneys involved in patent litigation before the Court.  The Court is familiar with both Godwin Pappas and Potter Minton, both of which have outstanding reputations in the relevant community.

*The "undesirability" of the case*

This case is not particularly undesirable, however, the complexity of the case requires significant time and attention from Halliburton's counsel.

*The nature and length of the professional relationship with the client*

Godwin Pappas and Potter Minton have both previously represented Halliburton in significant matters.

*The awards in similar cases*

The Court is unaware of any parallel cases awarding attorneys' fees under similar circumstances in a patent or other complex intellectual property case.  M-I cites several non-patent cases from other districts arguing that they support the reduction of the hours expended by Halliburton.  However, the motions discussed in these cases do not appear to be of the same nature and complexity considering the additional issues presented in M-I's response to the motion to compel.  Accordingly, this factor has little bearing on the Court's analysis of the lodestar calculation.

Consideration of the *Johnson* factors does not support a departure from the lodestar calculation based on the hours expended multiplied by each attorney's hourly billing rate.  Instead, such an analysis supports the lodestar calculation generated above.

## CONCLUSION

The Court carefully considered the evidence presented by the parties and the circumstances surrounding the motion to compel.  The award of costs and attorneys' fees requested by Halliburton is not unreasonable or exorbitant in light of the facts and circumstances surrounding the award.  Accordingly, the Court **ORDERS** M-I pay Halliburton $49,437 in costs and attorneys' fees related to Halliburton's motion to compel.

**So ORDERED and SIGNED this 12th day of April, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**